(No. 26114.—<span></span>

FRED PILE *et al.* Appellants, *vs.* MARY JANE PILE *et al.* Appellees.

*Opinion filed June 17, 1941.*

A. W. SCHIMMEL, for appellants.

A. B. JOHNSON, and L. ALLAN WATT, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

In this litigation, four of the children of Charles R. Pile seek to set aside a deed which they gave to their mother, Mary Jane Pile, and another one which the mother gave to the fifth child, James Monroe Pile. In the circuit court of Scott county their complaint was dismissed for want of equity, and from the decree so ordering they have appealed directly to this court.

Charles R. Pile died intestate August 29, 1937, leaving his widow, Mary Jane Pile and five children namely, Fred, Thomas, Monte, Pearl and James. Pearl was married and appears in the record as Pearl King and the youngest, James, appears in the record as James Monroe Pile. The record is not as clear as we might wish it to be concerning the estate of Charles R. Pile, deceased, but it does appear

that, after his death, the members of his family made various adjustments of his property by conveying different tracts to different heirs, and that the widow, Mary Jane Pile, who was one of the defendants herein, although never having had any dower set off to her, voluntarily joined in the various deeds to different heirs. In these adjustments no disposition appears to have been made concerning the eighty acres which are here in question, and the mother seems to have continued to manage them, received the income from them and pay the taxes. She also, from her own means, erected a corn crib on the property costing $300 or $400, and perhaps made some other improvements. It is also clearly to be inferred from the record that, in these various family adjustments, there was felt to have been some inequalities, because, about a year prior to the making of the deed now in question, the mother gave three of her children $400 each, which was designated as rent, but it does not appear what property was supposed to have been rented. The item of $400 appears later in the record in one of the deeds which we are considering.

The first of these deeds was from the five children to the mother and was signed and delivered upon her insistence that she wanted a good title to the eighty acres in question. It conveyed the west half of the northeast quarter of section 29, township 14 north, range 13 west, of the third P. M. in Scott county, Illinois, and was dated September 20, 1939. Less than a month after she obtained this deed, Mary Jane Pile, conveyed the same premises by quitclaim deed to her youngest son, J. M. (James Monroe) Pile, reserving in that deed a life estate for herself and impressing upon the land a lien in the sum of $400 in favor of her daughter Pearl King and $400 in favor of her son Monte Pile, each of them to be paid within a year after the mother's death.

The appellants insisted in the circuit court, and again insist here, that these deeds should be set aside as a cloud on their title to the land in question, because, as they say,

they were obtained through fraud and misrepresentation, and as they further say because there was a fiduciary relationship existing between them and their mother and that the mother took advantage of this relationship to deprive them of their interest in the property. The parties all testified at a hearing in open court and as above indicated, the chancellor, after hearing all of the parties, found the issues for the defendants and entered a decree dismissing the complaint for want of equity.

A reading of the record makes it apparent that the estate of Charles R. Pile had never been settled to the entire satisfaction of the mother and that she entertained a desire to do something more for her youngest son than had been done for him. It is a fair assumption from the whole of the evidence that she concealed this intention from two of her children and the suddenness with which she deeded the property to her youngest boy after obtaining the quit-claim deed indicates that such was her purpose in obtaining it. There is not, however, any indication of any fraud, deception or influence of any kind entering into the transaction, but rather that the parties among themselves intended thereby to facilitate a family settlement. The only contention made by the appellants is that the mother promised that if they would make the deed to her she would neither sell nor mortgage the property. On the other hand, the mother contends that the only promise she made was that she would not mortgage it. It is not contended by any one that the mother should not have had the power to make a testamentary disposition of this land and it is difficult to find any practical difference between what she did do by deed, reserving a life estate and imposing burdens for two of her children, from a testamentary disposition which could have been accomplished by a will with exactly the same result.

There is not a single question of law in the case and the facts can be interpreted most strongly in favor of the plaintiffs without changing the result of the decision arrived

at by the trial court. It is reasonable to suppose, and the mother admitted, that she promised not to mortgage the land, which might entail its passage to strangers after her death. Even if it were true that she promised she would· not sell it, as some of the children claimed, it would not have prevented her doing what she did do here, but would merely have required that she follow some other course, such as by a will, to accomplish what she wanted to do. The chancellor was fully justified in his finding that the mother promised nothing more than that she would not mortgage the property, that the conveyance was adequately justified in the adjustment of the affairs of the estate of Charles R. Pile, and that the complaint should be dismissed for want of equity.

The decree is affirmed.

*Decree affirmed.*